AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                                             **ORDER OF DETENTION PENDING TRIAL**

TINO SORIANO                                      Case Number: 12-20072-03-CM-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

　　☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

　　☐ an offense for which the maximum sentence is life imprisonment or death.

　　☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

　　☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

　　☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

　　☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 13, 2012                                    s/ David J. Waxse
　　　　　　　　　　　　　　　　　　　　　　　　　　*Signature of Judicial Officer*

　　　　　　　　　　　　　　　　　　　　　　　　　DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　　　*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Tino Soriano
Criminal Action 12-20072-03-CM-DJW

# Part II - Written Statement of Reasons for Detention

The statute that determines whether you get released or detained is 18 U.S.C. §3142(g) and it sets out a list of factors I need to consider to determine whether there are conditions that will assure your appearance and protect the community.

The first factor is the nature and circumstances of the offense charged, including whether it involves a narcotic substance or a firearm.  Those obviously apply here so that is a negative.

The next factor is the weight of the evidence.  There has been a Grand Jury determination of probable cause so that is negative.

The next factor is your character, which includes your physical or mental condition.  There does not seem to be any problems there so that would be positive.

The next factor is family ties.  You have some so that is positive.

Employment is negative since you do not have any.

The next factor is financial resources.  There is no indication that you have substantial resources that would assist you in fleeing so that is positive.

The next factor is length of residence in the community.  There is obviously substantial length of time in your previous community but your charge is in Kansas where you have not resided, so that is negative.

The next factor is community ties, which is similar; you have community ties to California but not to Kansas where you are facing charges.

The next factor is your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.  There are obviously numerous criminal violations and apparently drug and alcohol abuse in the past so those are all negative.

The next factor is whether at the time of the current offense you were on probation, parole, or other release. You were so that is a negative.

The final factor is the nature and seriousness of the danger to the community that would be posed by your release. Any time you are charged with distributing methamphetamine that is a substantial danger.

Based on all of those factors, I will find there are no conditions that would adequately assure your appearance or protect the community so you will remain detained.