**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) Case Nos. | 12-20072-03-CM (Criminal) |
| v. | ) | 16-2367-CM (Civil) |
| | ) | |
| **TINO SORIANO,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This closed criminal case is before the court on defendant Tino Soriano's motion pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6) (Doc. 239). This motion asks the court to reopen a previously-withdrawn habeas petition filed pursuant to 28 U.S.C. §2255.

The court entered judgment in this case on February 17, 2015. Defendant did not file a direct appeal, but on June 1, 2016, the Federal Public Defender's Office entered its appearance and filed a § 2255 motion on defendant's behalf, arguing that the court should vacate defendant's sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 235.) The next day—June 2, 2016—the Federal Public Defender's Office filed a motion to withdraw the § 2255 motion, stating that the Office had new documentation showing that defendant was not eligible for relief under *Johnson*. (Doc. 236.) The court granted the motion to withdraw the same day. (Doc. 237.) Defendant filed the instant motion over one year later, on September 18, 2017. He now claims that the Federal Public Defender's Office misled him into voluntarily dismissing his habeas motion. He believes that his § 2255 motion was meritorious, and asks the court to reinstate the motion.

If a habeas petitioner files a Rule 60(b) motion, the court must first examine whether the motion is a true motion for relief from judgment. *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). The motion may actually be a second or successive petition. The question is whether the motion: (1) "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"; or (2) challenges one of the court's procedural rulings that precluded resolution of the habeas petition on its merits; or (3) challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–16. Motions falling under the first category should be treated as second or successive petitions. Motions falling under the second or third category are treated as any other Rule 60(b) motion. If the court finds that defendant's motion is actually a second or successive petition, then it treats it accordingly—referring the matter to the Tenth Circuit for authorization if "it is in the interest of justice to do so." *Id.* at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

It appears that defendant's motion is a true Rule 60(b) motion. By claiming that the Federal Public Defender's Office erroneously withdrew defendant's § 2255 motion, defendant is essentially claiming a defect in the integrity of the habeas proceeding. The court did not rule on the merits of defendant's original motion, so defendant does not attack the merits of the court's decision. The court therefore considers defendant's motion as a true Rule 60(b) motion.

Defendant's requests for relief under Rule 60(b)(1) and (b)(3) are too late. Requests for relief under these provisions must be filed within one year after the challenged order. *See* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Defendant filed the instant motion more than a year after the court ordered the § 2255 motion withdrawn, so defendant's requests under subsections (b)(1) and (b)(3) are untimely.

As for defendant's request under Rule 60(b)(6), defendant must meet a high standard for relief. This provision permits the court to vacate an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Such relief is available only under "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199 (1950), which will rarely occur in habeas proceedings, *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The Second Circuit has said that "[t]o obtain relief under Rule 60(b)(6), a habeas petitioner must show that his lawyer abandoned the case and prevented the client from being heard, either through counsel or pro se." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).

Defendant does not meet this demanding standard. The Federal Public Defender's Office pursued habeas relief on petitioner's behalf. Then, upon receiving additional information about defendant's case, the Federal Public Defender decided that defendant was not entitled to relief under *Johnson*. The court believes the Federal Public Defender was correct. Defendant was not sentenced as a career offender under U.S.S.G. § 4B1.1 because the offense level for a career offender was not more than his offense level otherwise applicable. In any event, the Supreme Court has since issued *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), which precludes defendant's avenue for relief. *Beckles* held that the residual clause under U.S.S.G. § 4B1.2(a)(2)—"defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another[]'"— was not unconstitutional. 137 S. Ct. at 890 (holding that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause). There was no new rule or constitutional law that offered defendant relief when the Federal Public Defender's Office filed the § 2255 motion on defendant's behalf. And whether defendant filed the instant motion within a "reasonable time" is

further questionable.  Defendant does not offer a valid reason for waiting well over a year before seeking relief.  The court finds no exceptional circumstances that justify relief under Rule 60(b)(6).

Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order.  The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

A certificate of appealability is necessary to pursue the court's denial of relief on a habeas petitioner's "true" Rule 60(b) claim.  *See Spitznas*, 464 F.3d at 1218 (holding that a certificate of appealability is required before a petitioner may appeal the disposition of a "true" Rule 60(b) motion).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  Defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's motion pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6) (Doc. 239) is denied.

Dated this 7th day of November 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
